T.C. Memo. 2012-89

UNITED STATES TAX COURT

MARIO E. CAYABYAB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11469-10.                    Filed March 26, 2012.

Mario E. Cayabyab, pro se.

<u>John W. Strate</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  This case arises from a petition for redetermination filed in response to a notice of deficiency issued to petitioner for 2006.  Respondent determined a deficiency of $270,885 and additions to petitioner's Federal income

tax of $59,707, $42,458, and $12,529 pursuant to sections 6651(a)(1) and (2) and 6654, respectively.[1]

After stipulations and concessions the only issue remaining for decision is whether petitioner is liable for the section 6651(a)(1) addition to tax.[2]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, are incorporated herein by this reference. At the time petitioner filed his petition, he lived in California.

Petitioner has a degree in engineering. During 2006 he worked for Dionex Corp. Petitioner was going through a divorce in 2006 and was struggling with the care of his children. Petitioner's ex-wife was in possession of documents relating to their investment income. Petitioner did not attempt to retrieve these documents because his priority was to settle his divorce and take care of his children, and he believed he could settle his taxes for 2006 "later on". Petitioner was in good

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

[2]The parties have stipulated that there is a deficiency in income tax due from petitioner for 2006 of $14,537 and a withholding tax credit of $5,553. Respondent has conceded the secs. 6651(a)(2) and 6654 additions to tax.

health throughout 2006 and was not hospitalized for any illness between 2006 and 2010.

Petitioner was aware of his obligation to file his Form 1040, U.S. Individual Income Tax Return, for 2006. However, he did not file a timely Form 1040. Respondent sent petitioner a letter on November 30, 2009, requesting that petitioner file his Form 1040 for 2006. Petitioner filed his Form 1040 for 2006 with respondent on October 14, 2010, and respondent accepted petitioner's filing. The notice of deficiency was issued on February 16, 2010, and petitioner timely filed his petition.

OPINION

The Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount. Sec. 7491(c). The Commissioner satisfies this burden of production by coming forward with sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception. Id.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed unless the taxpayer can establish that the failure is due to

reasonable cause and not due to willful neglect. To prove reasonable cause for a failure to timely file, the taxpayer must show that he exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The determination of whether reasonable cause exists is based on all the facts and circumstances. Estate of Hartsell v. Commissioner, T.C. Memo. 2004-211; Merriam v. Commissioner, T.C. Memo. 1995-432, aff'd without published opinion, 107 F.3d 877 (9th Cir. 1997).

Petitioner admits that he failed to timely file his Form 1040 for 2006 and that he was aware of his obligation to do so. Therefore, respondent's burden of production under section 7491(c) with respect to the section 6651(a)(1) addition to tax has been satisfied.

Petitioner argues that certain documents required for filing his return were unavailable to him because of his divorce. He further argues that he was too preoccupied with the difficulties of his divorce and the care of his children to attempt to retrieve those documents. We have previously held that a taxpayer did not have reasonable cause for failure to file where the taxpayer knew of his obligation to file but chose to make his divorce and custody battle a greater priority. Maher v. Commissioner, T.C. Memo. 2003-85. Further, the unavailability

of information or records does not necessarily establish reasonable cause for failure to file a timely return. <u>Elec. & Neon, Inc. v. Commissioner</u>, 56 T.C. 1324, 1342-1343 (1971), <u>aff'd without published opinion</u>, 496 F.2d 876 (5th Cir. 1974). Petitioner has not demonstrated that he exercised the ordinary business care and prudence that would qualify him for relief from the section 6651(a)(1) addition to tax. Consequently, petitioner has not met his burden of persuasion, and respondent's determination is sustained.

The Court, in reaching its holdings, has considered all arguments made, and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.